IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-033-DCK

| | |
|---|---|
| JOSEPH SAVOVIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GES CONSULTING SERVICES, LLC ) | |
| WILLIAM S. SHORT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff Joseph Savovic's Motion For Leave To Amend Complaint" (Document No. 17) and "Defendant William S. Short's Motion To Dismiss" (Document No. 4). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion to amend and deny the motion to dismiss.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

Plaintiff seeks to file an Amended Complaint to address "issues raised in the Defendants' Answer, Motions, and Rule 26 disclosures of the Parties." (Document No. 17, p.1). Plaintiff's motion asserts that the request to amend is timely because it was filed by the date agreed upon by the parties to join additional parties or amend the pleadings. Id. See also (Document No. 11, p. 3).

In response, Defendants object to Plaintiff's request because Plaintiff's counsel failed to confer with counsel for Defendants about the motion to amend, and the motion failed to show that the parties had conferred as required by Local Rule 7.1(b). (Document No. 18). Defendants also note that there is no reference to any deadline to file amended pleadings in the "Pretrial Order And Case Management Plan" (Document No. 12).

The undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. In fact, Defendants' opposition does not allege any prejudice, bad faith, or futility here. (Document No. 18). The undersigned agrees that Plaintiff's counsel should have conferred with Defendants' counsel prior to filing the motion; however, the undersigned will decline to deny this motion on that basis. See Local Rule 7.1(b). While the "…Case Management Plan" does not specifically provide for a date to file

2

amended pleadings, it also does not preclude any party from seeking to amend pursuant to Fed.R.Civ.P. 15. (Document No. 12). Moreover, the record is clear that on or about March 22, 2018, counsel for the parties agreed that they should be allowed "to join additional parties or otherwise amend the pleadings" on or before May 3, 2018. (Document No. 11, p. 3). The pending motion to amend was filed on May 3, 2018. (Document No. 17).

Based on the foregoing, the undersigned will allow Plaintiff to file an Amended Complaint which supersedes the original Complaint. In addition, the undersigned will direct that "Defendant William S. Short's Motion To Dismiss" (Document No. 4) be denied as moot. Defendants may file a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

The undersigned observes that the dispute over the motion to amend might have been avoided had counsel properly conferred *and* treated each other with the degree of professional

courtesy expected by this Court. Both sides are respectfully advised to become familiar with the Local Rules and to work together as cooperatively as possible for the duration of this lawsuit.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff Joseph Savovic's Motion For Leave To Amend Complaint" (Document No. 17) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **May 21, 2018**.[1]

**IT IS FURTHER ORDERED** that "Defendant William S. Short's Motion To Dismiss" (Document No. 4) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: May 16, 2018

David C. Keesler
United States Magistrate Judge

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."